UNITED STATES of America,
Appellee,

v.

Placido PINEDA, also known as "Kechi", Feliz Matos, Nicholas Pineda, Defendants,

Kelvin Munoz, Jose Nicholas Mejias, Defendants–Appellants.

Nos. 03–1583 LEAD, 03–1656 CON.

United States Court of Appeals, Second Circuit.

Dec. 14, 2004.

J. Scott Porter, Seneca Falls, NY, for Appellant.

Lauren Goldberg, Assistant United States Attorney for the Southern District of New York (David N. Kelley, United States Attorney), for Appellee.

Present: NEWMAN, SACK, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of the district court be, and it hereby is, AFFIRMED.

Kelvin Munoz appeals his sentence following his conviction of (1) conspiracy to distribute five kilograms and more of cocaine in violation of 21 U.S.C. § 846 and (2) distributing and possessing with intent to distribute twenty kilograms of cocaine in violation of 21 U.S.C. § 841. He pleaded guilty to both counts and was sentenced to 135 months' imprisonment, the lower limit of the applicable range under the United States Sentencing Guidelines.

■ Munoz, relying on the Supreme Court's decision in *Blakely v. Washington,* — U.S. ——, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), contends first, that the United States Sentencing Guidelines are unconstitutional and, second, that the district court violated his Sixth Amendment rights by enhancing his base offense level under the United States Sentencing Guidelines based on statements he made at his safety valve proffer session. *Blakely* held, in the context of the Washington State sentencing scheme, that the Sixth Amendment requires that any fact other than a prior conviction that increases the maximum penalty a judge may impose must be proved beyond a reasonable doubt and found by a jury. *Id.* at 2537. The question of whether *Blakely*'s holding extends beyond the Washington State sentencing scheme is now pending before the Supreme Court in *United States v. Booker,* 375 F.3d 508 (7th Cir.), *cert. granted,* — U.S. ——, 125 S.Ct. 11, 159 L.Ed.2d 838 (2004) (mem.), and *United States v. Fanfan,* No. 03-47, 2004 WL 1723114, 2004 U.S. Dist. LEXIS 18593 (D.Me. June 28, 2004), *cert. granted,* — U.S. ——, 125 S.Ct. 12, 159 L.Ed.2d 838 (2004) (mem.).

This Court has held that unless and until the Supreme Court rules otherwise, this Court's pre-*Blakely* decisions upholding the constitutionality of the United States Sentencing Guidelines are binding precedent in this Circuit. *United States v. Mincey,* 380 F.3d 102, 106 (2d Cir.2004). *Mincey* squarely forecloses Munoz's argument that the United States Sentencing Guidelines are unconstitutional under *Blakely.* *Id.*

■ Munoz's second contention that the Supreme Court's decision in *Blakely* entitles him to a jury determination of the facts disclosed at his safety valve proffer is meritless. Under current law, admissions made at safety valve proffers are admissible as per the proffer agreement in sentencing hearings. *United States v. Velez,* 354 F.3d 190, 195 (2d Cir.2004). At the outset of the safety valve proffer session Munoz was informed that any statements he made could be used against him at any stage of the criminal proceeding. He nevertheless agreed to go forward with the proffer. Therefore, the use of the information obtained via the proffer sessions was valid under this Court's precedent and does not create a Sixth Amendment issue.

For the foregoing reasons, the judgment of the district court is hereby AFFIRMED. The mandate will be held pending the Supreme Court's decision in *Booker* and *Fanfan.* Should any party believe there is a special need for the district court to exercise jurisdiction prior to the Supreme Court's decision, the party may file a motion seeking issuance of the mandate in whole or in part. Although any petition for rehearing should be filed in the normal course pursuant to Rule 40 of the Federal Rules of Appellate Procedure, the Court will not reconsider those portions of its opinion that address the defendant's sentence until after the Su-

preme Court's decision in *Booker* and *Fanfan*. In that regard, the parties will have until 14 days following the Supreme Court's decision to file supplemental petitions for rehearing in light of *Booker* and *Fanfan*.